SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X
JESUS GARCIA, as Administrator of the Estate of
ANGEL GARCIA, deceased,

      Plaintiff,

  -against-

ANEES AHMAD, M.D., JOHN PODESZWA, M.D.,
and ORANGE REGIONAL MEDICAL CENTER,

      Defendants.
------------------------------------------------------------X

Index No.: 8326-07

SUMMONS 8326-07

Plaintiff designates Bronx
County as the place of trial.

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
940 Fox Street, Apt 3G
Bronx, New York 10459

County of Bronx

**To the above named Defendants:**

  **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
    February 27, 2007

                  _____
                  MATTHEW J. MAIORANA
                  QUELLER, FISHER, DIENST, SERRINS,
                  WASHOR & KOOL, LLP
                  Attorneys for Plaintiff
                  233 Broadway
                  New York, New York 10279
                  (212) 406-1700

To: Anees Ahmad, M.D.
   10 Benton Avenue
   Middletown, New York 10940

   John Podeszwa, M.D.
   419 E. Main Street
   Middletown, New York 10940

   Orange Regional Medical Center
   60 Prospect Avenue
   Middletown, New York 10940

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------X
JESUS GARCIA, as Administrator of the Estate of
ANGEL GARCIA, deceased,

                Plaintiff,

-against-

ANEES AHMAD, M.D., JOHN PODESZWA, M.D.,
and ORANGE REGIONAL MEDICAL CENTER,

                Defendants.
-----------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiff, JESUS GARCIA, as the Administrator of the Estate of ANGEL GARCIA, by his attorneys, QUELLER, FISHER, DIENST, SERRINS, WASHOR & KOOL, LLP, complaining of the defendants, respectfully alleges, upon information and belief, as follows:

## GENERAL AVERMENTS

1. Prior to the commencement of this action, and on or about October 5, 2006, Letters on the Estate of ANGEL GARCIA were issued to plaintiff JESUS GARCIA by order of the Surrogate of the County of Bronx, State of New York. A true copy of the letters of administration is annexed as Exhibit 1.

2. On June 15, 2006, ANGEL GARCIA died while in ORANGE REGIONAL MEDICAL CENTER, Horton Campus. A true copy of the certificate of death is annexed as Exhibit 2.

3. The cause of death was listed as: "massive upper gastrointestinal hemorrhage due to ruptured esophageal varices."

4. At all times mentioned herein, defendant ORANGE REGIONAL MEDICAL CENTER was a domestic not-for-profit corporation duly organized and existing under, and by virtue of, the laws of the State of New York.

5. At all times mentioned herein, defendant ORANGE REGIONAL MEDICAL CENTER was, and still is, the owner of a health-care facility known as Orange Regional Medical Center – Horton Campus.

6.  At all times mentioned herein, defendant ORANGE REGIONAL MEDICAL CENTER owned, operated, controlled, and managed a hospital pursuant to the laws of the State of New York for the care of the sick, known as Orange Regional Medical Center – Horton Campus, located at 60 Prospect Avenue, Middletown, New York 10940, which provided personnel, including doctors, nurses, attendants and others for the care and treatment of its patients and which held itself out to the public as furnishing treatment facilities where patients, including the plaintiff's decedent ANGEL GARCIA could be treated for various ailments.

7.  At all times mentioned herein, defendant ANEES AHMAD, M.D., was a physician duly licensed to practice medicine in the State of New York.

8.  At all times mentioned herein, defendant JOHN PODESZWA, M.D., was a physician duly licensed to practice medicine in the State of New York.

9.  At all times mentioned herein, defendant ANEES AHMAD, M.D. was an employee of defendant ORANGE REGIONAL MEDICAL CENTER.

10. At all times mentioned herein, defendant JOHN PODESZWA, M.D. was an employee of defendant ORANGE REGIONAL MEDICAL CENTER.

11. At all times mentioned herein, defendant ANEES AHMAD, M.D. was an agent, actual or apparent, of defendant ORANGE REGIONAL MEDICAL CENTER.

12. At all times mentioned herein, defendant JOHN PODESZWA, M.D. was an agent, actual or apparent, of defendant ORANGE REGIONAL MEDICAL CENTER.

13. At all times mentioned herein, defendant ORANGE REGIONAL MEDICAL CENTER was vicariously liable for any acts or omissions of defendant ANEES AHMAD, M.D., in his care and treatment of plaintiff's decedent ANGEL GARCIA.

14. At all times mentioned herein, defendant ORANGE REGIONAL MEDICAL CENTER was vicariously liable for any acts or omissions of defendant JOHN PODESZWA, M.D., in his care and treatment of plaintiff's decedent ANGEL GARCIA.

15. This action falls within one or more of the exemptions set forth in CPLR § 1602.

## COUNT ONE

### (Medical Malpractice)

16. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

17. On June 14, 2006, ANGEL GARCIA was admitted to Orange Regional Medical Center – Horton Campus from its Emergency Department.

18. On June 14, 2006, and thereafter, ANGEL GARCIA was within the care and treatment of ANEES AHMAD, M.D.

19. On June 14, 2006, and thereafter, ANGEL GARCIA was within the care and treatment of JOHN PODESZWA, M.D.

20. On June 14, 2006, and thereafter, ANGEL GARCIA was within the care and treatment of ORANGE REGIONAL MEDICAL CENTER, its employees, agents, physicians, nurses, and other medical staff.

21. The defendants, their employees, agents (actual or apparent), nurses, doctors, residents and/or house staff, undertook in their care and treatment of ANGEL GARCIA to treat and care for him in accordance with the standards of care and treatment generally accepted in the community; to use in their care and treatment of ANGEL GARCIA approved methods in general use; to use reasonable care and skill; and to use their best judgment.

22. The defendants, their employees, agents (actual or apparent), nurses, doctors, residents and/or house staff, were negligent, careless, and/or reckless, and departed from good and accepted medical practice with regard to the care and treatment of ANGEL GARCIA.

23. Their negligence, carelessness, and/or recklessness, and the departures from good and accepted medical practice, proximately caused ANGEL GARCIA to suffer severe pain and suffering and grievous personal injuries resulting in his death on June 15, 2006. Furthermore,

3

their negligence, carelessness, and/or recklessness, and their departures from good and accepted medical practice, proximately caused ANGEL GARCIA to suffer apprehension of impending death.

24. By reason of the above, plaintiff brings this action, on behalf of ANGEL GARCIA's estate, for the conscious pain and suffering of ANGEL GARCIA, and for both general and special damages, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## COUNT TWO
### (Lack of Informed Consent)

25. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

26. Defendants, their employees and/or agents (actual or apparent), failed to inform ANGEL GARCIA and/or his agents or representatives of the reasonably foreseeable risks and benefits of, and alternatives to, the treatment proposed and rendered, which would have been disclosed by reasonable medical practitioners in similar circumstances, in consequence of which defendants failed to obtain an informed consent thereto; that defendants, their employees and/or agents (actual or apparent), failed to advise ANGEL GARCIA and/or his agents or representatives of alternative procedures; and defendants, their employees and/or agents (actual or apparent), were otherwise negligent.

27. A reasonably prudent person in ANGEL GARCIA's position would not have undergone the treatment and diagnosis rendered herein if he had been fully informed.

28. The lack of informed consent alleged herein is a proximate cause of the injuries, conditions and disabilities for which recovery is sought.

29. Defendants' failures proximately caused ANGEL GARCIA to suffer severe pain and suffering and grievous personal injuries, resulting in his death on June 15, 2006.

Furthermore, defendants' failures proximately caused ANGEL GARCIA to suffer apprehension of impending death.

30. By reason of the above, plaintiff brings this action, on behalf of ANGEL GARCIA's estate, for the conscious pain and suffering of ANGEL GARCIA, and for both general and special damages, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## COUNT THREE

### (Wrongful Death)

31. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

32. As a result of the foregoing negligence, carelessness, and/or recklessness, and the departures from good and accepted medical practice, by the defendants, ANGEL GARCIA died on June 15, 2006.

33. ANGEL GARCIA was and is survived by distributees, including his wife and children.

34. As a consequence of the death of ANGEL GARCIA, his distributees have been pecuniarily damaged in an amount in excess of the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment on all causes of action against the defendants in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action, together with the costs and disbursements of this action.

Dated:  New York, New York
February 27, 2007

Yours, etc.

QUELLER, FISHER, DIENST, SERRINS,
WASHOR & KOOL, LLP

By: _____
Matthew J. Maiorana
Attorneys for Plaintiffs
233 Broadway
New York, New York 10279
(212) 406-1700

## ATTORNEY'S VERIFICATION

MATTHEW J. MAIORANA, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at QUELLER, FISHER, DIENST, SERRINS, WASHOR & KOOL, LLP, attorneys of record for plaintiff JESUS GARCIA. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not plaintiff is that plaintiff is not presently in the county wherein the attorneys for the plaintiff maintain their offices.

Dated:  New York, New York
        February 27, 2007

_____
MATTHEW J. MAIORANA

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
JESUS GARCIA, as Administrator of the Estate of
ANGEL GARCIA, deceased,

                            Plaintiff,

-against-

ANEES AHMAD, M.D., JOHN PODESZWA, M.D.,
and ORANGE REGIONAL MEDICAL CENTER,

                            Defendants.
-----------------------------------------------------------------X

Index No.:

CERTIFICATE PURSUANT
TO CPLR 3012 (a)

       MATTHEW J. MAIORANA, an attorney duly admitted to practice before the courts of this State, and an associate of QUELLER, FISHER, DIENST, SERRINS, WASHOR & KOOL, LLP, attorneys for plaintiff, affirms the following to be true under penalties of perjury:

       I certify that I have reviewed the facts of this case and have consulted with a physician who I reasonably believe is knowledgeable in the relevant issues involved in this action, and that I have concluded, on the basis of such review and consultation, that there is a reasonable basis for the commencement of this action.

Dated:   New York, New York
             February 27, 2007

                                                             MATTHEW J. MAIORANA

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

JESUS GARCIA, as Administrator of the
Estate of ANGEL GARCIA, deceased,

    Plaintiffs,

-against-

ANEES AHMAD, M.D., JOHN PODESZWA, M.D.,
and ORANGE REGIONAL MEDICAL CENTER,

    Defendants.



RECEIVED 3-13-07

---

## SUMMONS & COMPLAINT

---

**QUELLER, FISHER, DIENST, SERRINS, WASHOR & KOOL, LLP**
*Attorneys for Plaintiffs*
233 Broadway
New York, New York 10279
(212) 406-1700
Facsimile # (212) 406-2313

---

TO: